THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* EVELYN WACHTEL, Appellant.

Court of Special Sessions of City of New York, Appellate Part, First Department, New York County, May 20, 1930.

*Dudley Field Malone* [*Nathan Burkhan* of counsel], for the appellant.

*Thomas C. T. Crain, District Attorney* [*George E. Hall* of counsel], for the respondent.

KERNOCHAN, Ch. J. The appellant was convicted of vagrancy. (Code Crim. Proc. § 887, subd. 4, cl. a.)

The complaint charges that on the 18th day of November, 1929, in the premises 233 West Seventy-seventh street in the county of New York, the appellant committed an act of prostitution with one Joseph Clark and received therefor twenty dollars. This act of prostitution, according to the complaint, was committed in apartment 8-B in the home of the appellant.

The evidence offered by the People was sufficient to make out a *prima facie* case and the magistrate did not err in denying the motion made upon behalf of the appellant to dismiss the complaint.

This evidence is contained in the testimony of Police Officer Brady, the only witness called by the People, and, therefore, stands uncorroborated. Corroboration, however, is not necessary as a matter of law, although in a case of this kind is much to be desired if available. In this case such corroboration was available. Brady testifies that he visited the premises where the appellant has an apartment on the 18th of November, 1929, at five-thirty P. M. He was admitted by the appellant and after announcing that he was a police officer they walked into a bedroom where a man clad only in his underclothes was discovered. This man, the officer said, had entered the apartment fifteen minutes before. On being questioned in the presence of the appellant the man gave his name as Joseph Clark and said that he had come to the apartment for a good time, had had the good time with the appellant and had paid her twenty dollars. The officer then said to the appellant: " Is this true? " and she said: " Yes, let me go this time." The officer then told her to return the money and he says that she then took a twenty-dollar bill from under the pillow. This bill was retained by the officer, marked and introduced as evidence.

Joseph Clark was then allowed to go and the appellant placed under arrest. After the departure of Clark and before the officer and appellant left the apartment, a man rang the door bell; was admitted by the officer and after a conversation in which he told the officer that he was appellant's sweetheart, he left the premises. This man was identified in the court room as Herbert W. Hazelton. He afterwards testified for the defense.

This was the testimony of the officer on direct examination. It is significant to note that not until the cross-examination of Officer Brady was there any intimation that any other officer was concerned in the arrest.

On cross-examination it developed that another officer, Morris, entered the apartment with Brady and was present and saw practically everything that transpired. It was later developed by the defense that Officer Morris entered the apartment at an appreciable length of time before Officer Brady. The district attorney at no time called Officer Morris to testify.

The defense is a contradiction of most of the testimony of the officer. The appellant says that she is a married woman, the wife of Harry F. Wachtel, that they had been married seven years and although they had not been living together for two years were on friendly terms and that her husband supported her; that on the

day of the arrest the appellant, her husband and Mr. Hazelton were to dine together. Hazelton arrived at the apartment at a little after five P. M., and was there when the arrest or raid was made. According to the testimony of the appellant, Officer Morris came up first and then Officer Brady. At the time of the arrest only Hazelton was in the apartment, and he was fully dressed. The officers, she says, made no specific charge against her but took her to the station house although she tried to persuade them that she was a respectable woman. Hazelton left the apartment before the appellant was taken out. The appellant is corroborated in every particular by the testimony of Herbert H. Hazelton. He testified that he was a married man, knew Mr. and Mrs. Wachtel and had dined with them before. The officers, he says, entered the apartment as testified to by Mrs. Wachtel; that he was there with her waiting for her husband and that there was no one else in the apartment. He said that the officers, after questioning him as to who he was and what he was doing there, forced him out of the premises. He then telephoned for a lawyer.

Harry F. Wachtel, the husband of the appellant, testified that he was in the real estate business in Paterson, N. J.; that he had an appointment with his wife and Mr. Hazelton to dine that evening and that they were to meet at his wife's apartment at five P. M. Owing to his having been delayed he arrived late and after the arrest was made.

The good reputation of the appellant was testified to by the manager of the premises and two other witnesses, friends of the appellant and her husband.

One of the two elevator operators of the building testified to the fact that he had taken Mr. Hazelton to the apartment before the arrest and contradicts the testimony of Officer Brady by saying that he took Officer Morris to the apartment before he took Officer Brady. These were the only people he took to the appellant's apartment that afternoon. His testimony tends to show that no other man but Hazelton was in the apartment at the time of the raid, but this is not conclusive as there was another elevator operated by another boy on the premises. The other operator did not testify as he was not in court. The district attorney did not see fit to call Officer Morris in rebuttal and the People's case depends almost entirely upon the appellant's remark testified to by Brady only; that she said after hearing what a third party related in her presence, "Yes, let me go this time." Such admissions against interest are admissible but should not be given too much weight (*People* v. *Moyer*, 186 App. Div. 278), especially where there is testimony to the effect that such admission was never made

(Chamberlayne Ev. 1607), and in this case we have this denial from the mouths of two witnesses. I am constrained to hold that the conviction in this case was against the weight of the evidence and should be reversed.

Judgment reversed on the facts. Complaint dismissed and defendant discharged.

Present: KERNOCHAN, Ch. J., FETHERSTON and HERBERT, JJ.